UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
:
In re Residential Funding Company, LLC    :    14 Civ. 1832
:
:    **OPINION**
:
------------------------------------------x

Marion and Sharon Jenkins (appellants), acting *pro se*, seek to appeal from the January 24, 2014, and February 24, 2014 orders of United States Bankruptcy Judge Martin Glenn in *Marion L. Jenkins, et al., v. Residential Funding Company, LLC, et al.*, Adv. Pro. No. 12-01935 (MG). Those orders dismissed their case against appellees Wells Fargo Bank and U.S. Bank, among others.

Appellants' notice of appeal appeared on this court's docket on March 17, 2014. Appellants then faced a March 31, 2014 deadline to file their appeal brief, pursuant to Fed. R. Bankr. P. 8009(a)(1) (2014) (current version at Fed. R. Bankr. P. 8018(a)(1) (2015)).

Appellants failed to serve or file an appeal brief. On September 18, 2014, appellees petitioned the court to dismiss appellants' appeal for failure to comply with Rule 8009. On October 8, the court directed appellants to serve or file their appeal brief within 30 days, or face dismissal.

On November 7, 2014, appellants served the instant motion to accept the appeal as timely. Appellees opposed on December 12, 2014.

Appellants' motion is denied, and the appeal is dismissed.

## Discussion

Appellants ask the court not to dismiss the case because they cannot afford a lawyer, and they continue to suffer from debts incurred due to appellee's actions. However, appellants' motion does not cure the fact that they have not served or filed an appeal brief, approximately one year after it was due.

Submissions from *pro se* litigants are held to a lower standard. Accordingly, the court has shown great latitude. But here, appellants have not communicated the legal basis of their appeal, long after the time to do so passed. As a result, appellees have not responded, and the court remains unable to fairly evaluate the merits of the appeal. Furthermore, in their motion, appellants did not articulate any plan to obtain counsel or otherwise begin diligently pursuing this appeal.

It is in no one's interest for this inchoate action to remain open indefinitely. A district court may dismiss a bankruptcy appeal under Rule 8009(a)(1) when the appeal brief is extremely late. *See, e.g., In re Best Payphones, Inc.*, 331 F. App'x 25, 26 (2d Cir. 2007) (affirming dismissal of bankruptcy appeal where no brief filed eight months after notice of appeal); *In re Geaney*, No. 08 Civ. 8208, 2011 WL 336464 at *1 (S.D.N.Y. Jan. 25, 2011) (dismissing *pro se* bankruptcy appeal where no brief filed two years after notice of appeal). Dismissal is appropriate here.

## Conclusion

Appellants' motion to accept the appeal as timely filed is denied, and the appeal is dismissed with prejudice. This resolves the motion in document number five in this case, 14-CV-1832.

Dated: New York, New York
       March 25, 2015

SO ORDERED

Thomas P. Griesa
U.S.D.J.